

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00009-CR

BERNARD DALE KELLY, JR., Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27407

Before Morriss, C.J., Carter and Moseley, JJ.

## O R D E R

Bernard Dale Kelly, Jr., was convicted by a jury of aggravated assault with a deadly weapon. Sentence was imposed on December 17, 2012, and appeal was timely filed. The clerk's record was filed April 12, 2013, and the reporter's record (which appeared to be complete) was filed May 31, 2013, thereby making appellant's brief due July 1, 2013.

However, since that time, Kelly's counsel has attempted at some length to determine if there were additional hearings and to obtain records from those hearings. This Court has been involved for some time in communication with the court reporter, Kelly Bryant, in attempting to clarify matters and obtain records from the hearings. At one point, Bryant informed the Court that a particular hearing was not conducted, but when asked to document that statement, she reviewed her records and found that it had, in fact, occurred. Bryant has now informed us that on one of the specific dates mentioned by counsel, January 23, 2012, she has nothing in her notes or records concerning this case. However, counsel has provided information indicating that a hearing was set, as reflected on the trial court's docket sheet. Counsel also asked for a record (again, based on the trial court's docket) from a hearing that was held on September 19, 2012.

Our own review of the trial court's docket shows proceedings conducted with notations that Bryant was present as court reporter within the general range of dates specified by counsel on January 23, 2012, April 4, 2012, April 18, 2012, and September 19, 2012.

The state of the record is confused.

We, therefore, grant Kelly's motion and abate the case to the trial court to conduct an evidentiary hearing to determine:

2

1.     The date of each hearing conducted in this case, and the nature of each such hearing;

2.     The identity of the court reporter present for each such hearing;

3.     Whether the docket is incomplete or inaccurate;

4.     If the docket is incomplete or inaccurate, the trial court should so indicate, through findings with sufficient detail to permit any additional records that may be available to be properly requested by counsel. *See* TEX. R. APP. P 34.6;

5.     Whether there were hearings from which no record can be made, and the reasons therefor. *See* TEX. R. APP. P 34.6; and

6.     The length of time necessary to prepare any additional reporter's records and the date by which same can be filed with this Court.

We also request that the trial court make any additional findings that it believes will be helpful to this Court in this situation.

This hearing shall occur within twenty days of the date of this order.

The trial court's findings, as set forth above, shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(3). The reporter's record of the hearing shall also be filed in the form of a supplemental reporter's record within fifteen days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of the supplemental records.

3

IT IS SO ORDERED.

BY THE COURT

Date: August 7, 2013